IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DANYALL MYLES                                                                                       PETITIONER

VERSUS                                                        CIVIL ACTION NO. 3:16-cv-882-CWR-LRA

BILLIE SOLLIE                                                                                       RESPONDENT

MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal. Petitioner Danyall Myles, an inmate at the Lauderdale County Detention Center, Meridian, Mississippi, files this Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2241. Having reviewed Petitioner's Response [4], the Court finds that Petitioner has a petition for habeas relief pending in this Court in *Myles v. Sollie*, No. 3:16-cv-758-HTW-LRA. Having considered the Petition [1], Petitioner's Response [4], applicable case law and statutes, the Court finds that the instant civil action is duplicative of a pending habeas and therefore, it will be dismissed without prejudice.

Petitioner filed the instant request for habeas relief on November 10, 2016. Pet. [1] at 1. The Petition however did not provide information relating to the criminal charge he was challenging or the county where the criminal charge which he was challenging was pending. *Id*. The Court then entered an Order [2] on November 15, 2016, directing Petitioner to provide additional information concerning the criminal case he was challenging. Petitioner filed his Response [4] on January 17, 2017. In his Response [4], Petitioner states that the Court needs to refer to his Petition in civil action 3:16-cv-758-HTW-LRA. Petitioner further states that "[t]he consolidation of the two petitions will remove any doubt or confusion created by having two different petitions and case numbers pertaining to the same complaint." Pet'r's Resp. [4].

The Court has the authority to dismiss a civil action which is duplicative of another action filed in federal court. *See Green v. Quarterman,* 2008 WL 2489840, at *2 (S.D. Tex. June 18, 2008); (citing *Remington Rand Corp. v. Bus. Sys. Inc.*, 830 F.2d 1274, 1275-76 (quoting *Landis v. N. Amer. Co.*, 299 U.S. 248 (1936) (recognizing that there is a "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants")); *see also Chrysler Credit Corp. v. Marino*, 63 F.3d 574, 578 (7th Cir. 1995) ("A federal suit may be dismissed for 'reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court.' "). Petitioner's Response [4] clearly states that the instant civil habeas action concerns the "same complaint" found in *Myles v. Sollie*, No. 3:16-cv-758-HTW-LRA. The Court therefore has determined that the most efficient and convenient manner in which the parties, counsel, and the Court should proceed is for Petitioner to fully litigate his habeas claims in *Myles v. Sollie*, No. 3:16-cv-758-HTW-LRA, and to dismiss the instant civil habeas action without prejudice as duplicative.

For the reasons set forth above, the Court finds that this Petition is dismissed without prejudice so that Petitioner may litigate his request for habeas relief, including any assertions presented in this civil action, in *Myles v. Sollie*, No. 3:16-cv-758-HTW-LRA.

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

SO ORDERED, this the 24th day of January, 2017.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE